### In re Lowell T. DAVIS, Debtor.

### Bankruptcy No. 92–34420.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 29, 1994.

John J. Hunter, Sr., Trustee, Toledo, OH.

Lowell Trent Davis, pro se.

Verne Armstrong, Toledo, OH, for I.R.S.

---

*MEMORANDUM OPINION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court in consideration of the Government's Motion to Amend Judgment, the Trustee's Motion to Strike, and the Government's Opposition to the Trustee's Motion to Strike. The Court has reviewed the arguments of counsel, relevant statutory and case law, as well as the entire record. Based upon that review and for the following reasons the Trustee's Motion to Strike is Denied and the Government's Motion to Amend Judgment is Denied.

### FACTS

On March 17, 1994, the Trustee filed a Motion Objecting to a Proof of Claim filed by the Internal Revenue Service (hereafter "IRS") in the amount of Seventeen Thousand Four Hundred Fifteen and 96/100 Dollars ($17,415.96). The Trustee asserted that the IRS estimated its claim, and that the IRS later notified him that the correct figure was Eleven Thousand Four Hundred Ninety–Nine and 48/100 Dollars ($11,499.48). The Trustee argued that the failure of the IRS to amend its claim should result in the claim being disallowed.

On March 28, 1994, this Court ordered that the claim of the IRS be disallowed since the time for response to the objection of the Trustee passed and no response was filed by the IRS.

Shortly thereafter, the IRS filed a Motion to Amend the Judgment. However, the Trustee quickly filed a Motion to Strike the Government's Motion since it failed to conform to Local Rule 4:0.8(a)(4)(B). Once again, the IRS failed to respond to the Trustee's Motion within the ten (10) days allotted and this Court ordered that the IRS's Motion to Amend Judgment be dismissed.

The IRS filed an Opposition to the Trustee's Motion to Strike and requested that the Court grant its Motion to Amend the Judgment dismissing its claim.

### LAW

The relevant law reads in part as follows:

**FED.R.CIV.P. 61. Harmless Error**

The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

**FED.R.CIV.P. 55(e). Default Judgment Against the United States**

No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

**Local Rule 4:0.8(a)(4)(B)**

A notice to all persons entitled to notice, that the respondent has ten (10) days, or such other time as fixed by Bankruptcy Rule or statute or as the Court may order, after service to file and serve a response or a request for a hearing and that if a response or request is not timely filed with the Court and served upon movant, the Court may grant the relief requested in the motion without a hearing.

### DISCUSSION

This case is a core proceeding under 28 U.S.C. § 157(b)(2)(B) since it involves the allowance or disallowance of a claim against the estate.

Local Rule 4:0.8(a)(4)(B) requires that a motion filed with the Court be accompanied by a notification to the respondent that he or she has ten (10) days after service to file a request for a hearing. In the case at bar, the Trustee filed a Motion to Strike the IRS's Motion to Amend the Judgment since it failed to comply with this rule. However, it is clear that Rule 61 of the Federal Rules of Civil Procedure will not allow the Trustee's Motion to stand since the error by the IRS did not affect the substantial rights of the parties. This is apparent since the Trustee filed the Motion to Strike within ten (10) days of the filing of the IRS's motion, thus proving that the rights of the Trustee were not prejudiced because he was aware of the Motion to Amend the Judgment as well as the requirements of Local Rule 4:0.8(a)(4)(B). Since there is no substantial violation of the rights of the parties the Trustee's Motion to Strike is Denied.

Therefore, the Court must address the IRS's Motion to Amend the Judgment on its merits. Concerning this issue, the IRS's entire argument is built upon Rule 55(e) of the Federal Rules of Civil Procedure. The IRS argues that the Court's decision to disallow its claim had the effect of a default judgment. Thus, the IRS does not believe that its claim should be disallowed unless the Trustee produces evidence and shows facts to defeat its *prima facie* claim.

This Court cannot agree with the IRS that the disallowance of its claim constitutes a default judgment. Rule 55(a) of the Federal Rules of Civil Procedure requires an entry of default before a default judgment is obtained under Rule 55(b). In the case at bar, no such entry of default was filed.

To the contrary, *In re Lewis,* 80 B.R. 39 (Bankr.E.D.Pa.1987) sets out the correct procedure for situations where an objection to a Proof of Claim is filed and properly served, but the claimant fails to answer.

In this situation, we believe that the proper result is to strike the Proof of Claim. The filing of the objection calls the *prima facie* validity of the claim into question, and the claimant, to preserve the claim, must express some interest in doing so. Thus, the objection cancels out the mere filing of a Proof of Claim and the failure of the claimant to defend it requires [the Court] to sustain the objection without question. *Id.* at 40–41.

This Court finds that the above scenario is not a default judgment. Rather, this situation constitutes the Court's procedural response when an objection to a Proof of Claim goes unanswered.

The IRS correctly states in its brief that an injustice occurs by disallowing its claim when, in fact, there is a valid claim for Debtor's unpaid federal income tax liability for years 1984, 1985, 1986, and 1989. However, the relevant law applied to the facts of this case gives this Court no choice but to sustain the Trustee's Objection.

Accordingly, it is

**ORDERED** that the Trustee's Motion to Strike be, and is hereby, **OVERRULED;** and the Internal Revenue Service's Motion to Amend Judgment be, and is hereby, **DENIED.**