In re Deanna Sue FRENCH, Debtor.

Deanna Sue French, Plaintiff,

v.

United States of America,
et al., Defendants.

No. 98–3209.

United States Bankruptcy Court,
N.D. Ohio.

April 27, 2000.

Mark R. McBride, Toledo, OH, for Plaintiff.

Stacy Hallett, Washington, DC, for Defendant.

## DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court pursuant to the Briefs submitted by the Parties in conformance with this Court's Order of September 9, 1999, whereby it was requested that the Parties outline their respective positions concerning the Plaintiff's qualification as an innocent spouse[1] under 26 U.S.C. § 6015(f). The procedural history leading up to this point is briefly as follows:

On September 9, 1998, the Plaintiff, who had previously petitioned this Court for relief under Chapter 7 of the United States Bankruptcy Code, filed an adversary complaint to have a large tax debt owing to the Defendant discharged. In

1. The essence of the innocent spouse doctrine is to provide a spouse, who is otherwise jointly liable on a tax return, relief from such tax liability if the particular circumstances of his or her case call for providing such relief.

her Complaint, the Plaintiff asserted that her tax liability should be adjudicated as zero based upon her qualification as an innocent spouse under Title 26 of the United State Code. Specifically, the Plaintiff asserted that given the specific circumstances of her case, she was entitled to innocent spouse relief under either paragraph (b) or paragraph (f) of § 6015.[2] On these issues, both Parties filed Motions for Summary Judgment in accordance with Bankruptcy Rule 7056.

After considering the issues raised by the Parties, the Court issued a Memorandum Opinion and Decision finding that the Plaintiff did not qualify as an innocent spouse under paragraph (b) of § 6015, and thus the Court granted summary judgment in favor of the Defendant on this issue. The Court, however, in its Decision abstained from making a ruling on the Plaintiff's entitlement to innocent spouse relief under § 6015(f) given the fact that this statutory section was relatively new and the Court had not been fully briefed on the issue. Therefore, in accordance with this ruling, the Parties, pursuant to this Court's request, submitted supplemental briefs in support of their respective positions under § 6015(f), with the arguments raised therein being fundamentally as follows:

First, the essence of the Plaintiff's argument holds that Summary Judgment is inappropriate in this case because a determination under § 6015(f) can only be made after the Court assesses the credibility of any witnesses to be called. The Defendant, however, asserts that regardless of the merits of the Plaintiff's case, this Court has no jurisdictional authority to hear the Plaintiff's case as § 6015(f) commits the decision as to whether relief is appropriate to the unfettered discretion of the "Secretary." Stated more precisely, the Defendant points to the language of § 6015(f) which provides that:

Under procedures prescribed by the Secretary, if—

(1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and

(2) relief is not available to such individual under subsection (b) or (c), the Secretary may relieve such individual of such liability.

■ Upon considering these arguments, the Court finds that as the language of § 6015(f) is unambiguous, it must apply the statute as written. *See, e.g., Demarest v. Manspeaker,* 498 U.S. 184, 190, 111 S.Ct. 599, 603–04, 112 L.Ed.2d 608 (1991) (where the terms of a statute are unambiguous, the courts must apply the statute as written). Therefore, as Congress chose to exclude from judicial review the issue of whether a taxpayer is entitled to equitable relief under § 6015(f), this Court is the improper forum to raise such an issue. In making this determination, the Court is fully aware that such a decision could potentially lead to certain inequities. However, in this Court's Memorandum Opinion and Decision previously rendered on this case, the Court held that a bankruptcy court's authority to adjudicate tax matters, which comes from § 505 of the Bankruptcy Code, is "entirely jurisdictional, and therefore ... must be strictly confined to interpreting the appropriate provision of the Tax Code." *French v. United States of America (In re French),* 242 B.R. 369, 376 (Bankr.N.D.Ohio 1999). Accordingly, as § 6015(f) specifically provides that only the "Secretary" may determine a taxpayer's entitlement to relief under that section, this Court finds that is has no jurisdictional authority to hear the Plaintiff's case.

■ Before concluding, however, a procedural issue must be raised. When a

2. This section, which replaces 26 U.S.C. § 6013(e), governs innocent spouse relief as it pertains to a taxpayer's tax liability.

federal court lacks jurisdiction over an issue, dismissal, and not summary judgment is the appropriate method by which to dispose of the case. *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir.1987) (per curiam). Accordingly, that portion of the Plaintiff's complaint relating to relief under 11 U.S.C. § 6015(f) will not be disposed of on Summary Judgment, but will instead be dismissed for lack of subject matter jurisdiction.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Order.

Accordingly, it is

**ORDERED** that the portion of the Plaintiff's Complaint relating to relief under 26 U.S.C. § 6015(f) be, and is hereby, DISMISSED.