**In re Pedro NUNEZ, Debtor.**

**Bertha NUNEZ, Appellant,**

v.

**Pedro NUNEZ, Appellee.**

**BAP No. SC–95–1731–OHAs.**

**Bankruptcy No. LA 94–08387–A7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 21, 1996.

Decided May 30, 1996.

---

Dean T. Kirby, Jr., San Diego, CA, Donald M. Stevenson, Stockton, CA, for Appellant.

Donald L. Scoville, El Centro, CA, Harold D. Thompson, San Diego, CA, for Appellee.

Before OLLASON, HAGAN and ASHLAND, Bankruptcy Judges.

### OPINION

OLLASON, Bankruptcy Judge:

Bertha Nunez ("Appellant") has appealed the bankruptcy court's judgment avoiding her equitable lien on the residence of her brother, Pedro Nunez ("Debtor"). We reverse and remand.

### STATEMENT OF FACTS

In 1987, after graduating from law school, Debtor was injured in an automobile accident. Between 1987 and 1991, Appellant made a series of loans to Debtor totalling $95,243.95. Debtor used this money for the necessities of life, and allegedly promised to repay Appellant out of the proceeds of pending lawsuits from his practice. Debtor repaid Appellant approximately $10,000, but spent the rest of the settlement monies partially on improvements to his residence locat-

ed at 1620 Virginia Lane, El Centro, California.

■ Appellant brought an action in state court to recover her money. In May of 1994, the state court entered a default judgment in favor of Appellant for the sum of $124,883.60, stating that monies lent Debtor by the Appellant were used by him solely for necessities of life. The judgment further found that Debtor effectively assigned the proceeds of his lawsuits to Appellant, and the court imposed an equitable lien on the proceeds of Debtor's present and future lawsuits, personal property purchased with the proceeds, and personal and real property improved with the proceeds, such as the residence and a motor home. It separately imposed an equitable lien on the residence, and stated that the lien was created at the time Appellant made the loans to Debtor.[1] The judgment also imposed an equitable lien and a constructive trust on the motor home, which was purchased with proceeds from the lawsuits, but it did not impose a constructive trust on the residence. Appellant recorded both an Abstract of Judgment (Book 1772, p. 733) and the judgment itself (Book 1772, p. 734) in Imperial County on June 7, 1994.

Debtor filed a voluntary petition for chapter 7 bankruptcy on August 4, 1994.[2] In his schedules and amended schedules, Debtor listed the residence with a value of $122,000, encumbered by one secured debt of $62,327. Debtor claimed a homestead exemption of "up to $100,000" in the residence pursuant to California Civil Procedure Code § 704.730(a)(2) and (a)(3) (West Supp.1996).[3]

On January 20, 1995, Debtor filed a Motion to Avoid Abstract Judgment Impairing Debt-

or's Exemptions. Attached was a copy of the Abstract of Judgment. The motion alleged fair market value of the residence of $122,-000, mortgage of $62,327 and net equity of $59,673, and stated that the property was exempt pursuant to Cal.Civ.Proc.Code §§ 704.730(a)(2) and 704.730(a)(3). The provisions cited allow either a $75,000 or $100,-000 exemption depending on Debtor's circumstances. Appellant has not disputed the claimed exemption amount.

On the same date, Debtor filed a Notice of Motion, on form CSD 1182 (formerly CSD 4), following a procedure set forth in Local Rule 9013–3 [4] which states:

(b) *Notice of Motion.* When notice to all creditors is not required by Bankruptcy Rule 2002, the moving party shall serve affected parties in interest with a copy of the motion and a separate Notice of Motion which conforms to Local Form *CSD 4, NOTICE OF MOTION FOR (DESCRIPTION OF ACTION),* as set forth in Appendix C.

The Notice of Motion also had the following language concerning objections:

If you object to the Court granting the relief requested in the Motion:

1. YOU ARE REQUIRED to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case.

. . . . .

2. WITHIN TWENTY–EIGHT (28) DAYS FROM THE DATE OF SERVICE OF THE MOTION, you are further required to serve a copy of your DECLARATION IN OPPOSITION TO MOTION and separate REQUEST

---

1. "Although an equitable lien is not judicially recognized until a judgment is rendered declaring its existence, the lien relates to the time it was created by the conduct of the parties." *Holder v. Williams,* 167 Cal.App.2d 313, 334 P.2d 291, 293 (1959) (quoting *Hise v. Superior Court,* 21 Cal.2d 614, 134 P.2d 748, 755 (1943)).

2. Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330; references to "Fed.R.Bankr.P." are to the Federal Rules of Bankruptcy Procedure, 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

3. Section 704.730(a)(2) provides an exemption of $75,000 "if the judgment debtor or spouse of the judgment debtor who resides in the homestead is at the time of the attempted sale of the homestead a member of a family unit. . . ."

Section 704.730(a)(3) provides an exemption of $100,000 if the judgment debtor or spouse is either 65 years of age or older; physically or mentally disabled and unable to work; or 55 years of age or older with a limited income.

4. Local Rules of the United States Bankruptcy Court for the Southern District of California.

AND NOTICE OF HEARING [Local Form CSD 1184] upon the undersigned moving party, together with any opposing papers.

.   .   .   .   .

3.  YOU MUST file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court ... no later than the next business day following the date of service.

IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 28–day period provided by this notice, NO HEARING SHALL TAKE PLACE, you shall lose your opportunity for hearing, and the debtor or trustee may proceed to take the intended action.

Appellant's E.R. at 55–56, Form CSD 1182 (footnotes omitted).

On February 10 and 14, 1995, Appellant's attorney, Donald Stevenson ("Stevenson"), spoke to Debtor's attorney, Donald Scoville ("Scoville") to obtain a stipulation to extend the time to object to the motion in order to obtain an appraisal. Stevenson, who allegedly did not practice law regularly in Southern California, inquired of Scoville the procedure for setting the matter for hearing. Scoville allegedly responded: "[T]he court will set it for hearing." In a May 26, 1995 letter from Scoville to Stevenson, Scoville explained his comment as follows: "[T]hough the Court will set the date for a hearing, it is necessary for someone to request the court to set such hearing date." Appellant's E.R. at 178.   .

Because Debtor would not stipulate to an extension of time to object, Appellant obtained an order from the bankruptcy court, entered on February 21, 1995, giving Appellant until March 20, 1995 to object to the motion to avoid the Abstract of Judgment. Appellant did not file an objection in the time allowed.

However, before a judgment was entered on the first motion, Debtor filed a second motion, on April 4, 1995, entitled "Motion to Avoid Abstract of Equitable Lien Judgment Impairing Debtor's Exemptions." Attached

was a copy of the same Abstract of Judgment which had been filed with the first motion, and in addition, a copy of the recorded judgment. The motion stated that it "shall supersede a previously filed Motion To Avoid Abstract of Judgment. The prior motion did not specifically address the issues of the equitable lien."

The second motion claimed the same homestead exemption, and alleged that the lien impaired the exemption. The motion was served on April 3, 1995 with the identical Notice of Motion on CSD 1182, providing 28 days from the date of service for objections, and instructing the respondent to obtain a hearing date and serve a Notice of Hearing. The last day to object was May 7, 1995.

Stevenson stated that he read the Notice of Motion, only noted the deadline by which to respond, and. further consulted the local rules. On May 4, 1995, Appellant filed a "Reply to Motion to Avoid Equitable Lien and Supporting Memorandum of Points and Authorities" (the "objection"); the objection was served on May 3, 1995. The objection included: (1) two appraisals of the residence; and (2) argument concerning the legal issue that an equitable lien was not a judicial lien subject to avoidance under the Bankruptcy Code. Appellant neither filed nor served a Request for Hearing or Notice of Hearing, and the matter was not set for hearing.

Scoville filed proposed orders. His declaration in support of the second motion stated that he had received Appellant's objection on May 8, 1995, one day after the deadline, and that no hearing had been requested.

█ On or about May 25, 1995, Appellant filed an Ex Parte Application for Order to Set Contested Matter for Hearing. Stevenson's declaration in support of the application pled excusable neglect for not filing the Notice of Hearing pursuant to the instructions in Debtor's Notice of Motion, and further denied that the local rules required Appellant to obtain and notice a hearing date. The bankruptcy court stamped the lodged order "not approved." This action was not entered until June 14, 1995, following Appellant's filing of a motion for reconsideration. The

docket entry stated [5]: "Order Not Approving Application for order to set motion for reconsideration for hearing by Bertha Nunez."

On May 31, 1995, the bankruptcy court entered its Order on Debtor's first motion—Noncontested Motion to Avoid Judicial Lien Impairing Debtor's Exemptions. The order declared the Abstract of Judgment void.

On June 1, 1995, the bankruptcy court entered its Order on Debtor's second motion—Noncontested Motion to Avoid Abstract of Equitable Lien Judgment Impairing Debtor's Exemptions. The order stated that "The time for objections expired on May 7, 1995. No objections having been filed or a hearing having been requested in response to the notice. . . ." The order declared void both the Abstract of Judgment and the abstract of equitable lien judgment.

On June 9, 1995, within ten days of the entry of the orders avoiding the abstracts of judgment, Appellant filed a motion for reconsideration of both orders. The motion requested the court to vacate its orders pursuant to Fed.R.Bankr.P. 9024/ Fed.R.Civ.P. 60(b)(1). It raised the following procedural arguments: (1) the local rules are ambiguous; (2) Scoville misrepresented the rules to Appellant's counsel; (3) the motion should not have been treated as uncontested when a timely objection had been filed; (4) Debtor withdrew the original motion; and (5) Appellant's failure to follow the local rules was due to excusable neglect. The motion did not list as an issue the merits of the bankruptcy court's order avoiding the equitable lien.

In connection with the reconsideration motion, on June 9, 1995, Appellant lodged an Order Upon Ex Parte Application to Set Motion for Reconsideration for Hearing. Although captioned "ex parte" the pleading was served upon Debtor. On June 12, 1995, the bankruptcy court stamped the lodged order "not approved"; this action was entered on June 14, 1995. The docket entry for this document stated: "Order Not Approving Motion for Reconsideration of orders setting aside liens of creditor Bertha Nunez by Bertha Nunez."

5.  The panel may take judicial notice of bankruptcy records in the underlying proceeding. *In re*

On June 22, 1995, Appellant filed her Notice of Appeal of the June 14, 1995 orders and the two underlying orders, entered on May 31 and June 1, 1995.

## ISSUES

I.  Whether the panel has jurisdiction over this appeal.

II. Whether the bankruptcy court abused its discretion by denying Appellant's motion to set a hearing on the objection and/or to vacate the May 31 and June 1, 1995 orders avoiding the lien, because

(a) it was not Appellant's duty to provide the Notice of Hearing on the objection or, alternatively,

(b) her failure to do so was a result of excusable neglect.

## STANDARD OF REVIEW

We review the bankruptcy court's denial of a Fed.R.Bankr.P. 9024/Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *In re Roxford Foods, Inc.*, 12 F.3d 875, 878 (9th Cir.1993). The bankruptcy court's denial of an extension of time under Fed.R.Bankr.P. 9006 is also reviewed for an abuse of discretion. *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1431 (9th Cir.1990). Under the abuse of discretion standard, the panel must have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached before reversal is proper." *In re Tong Seae (U.S.A.), Inc.*, 81 B.R. 593, 597 (9th Cir. BAP 1988). Denial of a motion for reconsideration under Fed.R.Bankr.P. 9023/Fed.R.Civ.P. 59(e) is reviewed for an abuse of discretion. *In re Negrete*, 183 B.R. 195, 197 (9th Cir. BAP 1995).

## DISCUSSION

### *Jurisdiction*

As a threshold argument, Debtor contends that the bankruptcy court did not rule on Appellant's motion for reconsideration, but

*Tuma,* 916 F.2d 488, 491 (9th Cir.1990).

on Appellant's improper ex parte application for a hearing on the motion. If the motion for reconsideration were not proper, then Appellant would also have failed to file a timely notice of appeal of the underlying orders, and, the panel would not have jurisdiction. Fed.R.Bankr.P. 8002(b) (timely motion for reconsideration tolls appeal period).

■ Technically, Debtor is correct that Appellant failed to follow the local rules for filing the motion for reconsideration. Local Rule 9014–3 provides that the movant shall obtain a hearing date for the motion from the courtroom deputy, then shall serve a Notice of Motion and Hearing upon the trustee and interested parties. Local Rule 9014–3(a) and (c).

Apparently, there was no lodged order for the motion for reconsideration. Nevertheless, the docket entry showing the bankruptcy court's action on the lodged Order Upon Ex Parte Application to Set Motion for Reconsideration for Hearing indicates that the latter order was on the merits of the motion for reconsideration because the docket stated: "Order Not Approving Motion for Reconsideration of orders setting aside liens of creditor Bertha Nunez by Bertha Nunez."

■ Since the motion for reconsideration was timely filed and the bankruptcy court ruled on the merits, then the order denying the motion for reconsideration as well as the underlying orders are properly before the panel. The order denying Appellant's Ex Parte Motion to Set Contested Matter for Hearing is also properly before the panel, in any event.

*Setting Aside the Judgments* [6]

*(a) The May 31, 1995 Order was Superseded*

■ On May 31, 1995, the bankruptcy court entered the order lodged by Debtor in connection with his first motion to avoid the Abstract of Judgment. However, Debtor had, subsequently to filing that motion, filed a second motion which plainly stated that it "superseded" the first motion. The second motion was accompanied by copies of the same Abstract of Judgment as well as the recorded judgment, both referencing the same equitable lien judgment.

■ The dictionary defines supersede as "to cause to be set aside" or "to replace." Webster's New International Dictionary 2533 (2nd ed. 1942). A mistake of the bankruptcy court in entering an order that should not have been entered is the kind of mistake described in Fed.R.Civ.P. 60(b)(1). *See In re Cisneros*, 994 F.2d 1462, 1467 (9th Cir.1993) (bankruptcy court could *sua sponte* invoke Fed.R.Civ.P. 60(b) to correct discharge order entered in error). Since both the May 31, 1995 and June 1, 1995 orders dealt with the same Abstract of Judgment, the May order was superseded by the June order. This leaves for our review: (1) the June 1, 1995 order which decided Debtor's second motion; (2) the June 14, 1995 order denying Appellant's motion for reconsideration of the order granting Debtor's second motion; and (3) the June 14, 1995 order denying Appellant's request to set a hearing on the matter.

*(b) Local Rules' Requirement and Excusable Neglect*

■ The local rules provide that an uncontested motion may result in loss of opportunity for a hearing, (CSD 1182), or an untimely objection may be deemed to be consent to the granting of the motion, (Local Rules 9013–5 and 9014–5). The granting of an uncontested motion is not an empty exercise but requires that the court find merit to the motion. *See In re Quarter Moon Live-*

---

**6.** Appellant refers to the underlying judgments as default judgments. The bankruptcy rules provide that a default judgment may be entered in a contested matter. *See* Fed.R.Bankr.P. 9014, making applicable Fed.R.Bankr.P. 7055/ Fed.R.Civ.P. 55. Furthermore, the local rules provide that an action to avoid a judicial lien may be made by motion rather than by adversary complaint. *See In re Galvan*, 110 B.R. 446, 449–50 (9th Cir. BAP 1990). However, in this case,

the procedure was not followed for entry of a Fed.R.Civ.P. 55 default judgment. The bankruptcy court's entry of judgment was in response to the motion procedure set forth in the bankruptcy rules and the local rules. *See In re Davis*, 173 B.R. 124, 126 (Bankr.N.D.Ohio 1994) (disallowance of IRS claim was not default judgment but result of procedure set forth in bankruptcy rules).

*stock Co., Inc.,* 116 B.R. 775, 782 (Bankr.D.Idaho 1990). Moreover, the bankruptcy court must first determine that all parties were properly noticed and given sufficient opportunity to be heard. *In re Sunrise R.V. Inc.,* 107 B.R. 277, 280 n. 5 (Bankr. E.D.Cal.1989).

■ Appellant filed her motion for reconsideration pursuant to Fed.R.Bankr.P. 9024/Fed.R.Civ.P. 60(b)(1), to vacate the orders on the basis of "mistake, inadvertence, surprise, or excusable neglect." While the motion was made within 10 days of the judgments, it would also be considered a motion for new trial under Fed.R.Bankr.P. 9023/Fed.R.Civ.P. 59, and the bankruptcy court's orders could be vacated if they resulted from manifest error of fact or law or if there were newly discovered evidence that would affect the judgments. *See In re Ankeny,* 184 B.R. 64, 73 (9th Cir. BAP 1995).

The standard for excusable neglect was set forth by the United States Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In that case, the debtors filed a motion to extend the bar date for proofs of claim pursuant to Fed.R.Bankr.P. 9006. In affirming the lower court's determination that excusable neglect existed, the Supreme Court considered as significant the fact that the notice of the bar date provided by the bankruptcy court was ambiguous. *Id.* at 398, 113 S.Ct. at 1499–1500. It further expanded the definition of excusable neglect to include negligence or situations where a late filing was caused "by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388, 113 S.Ct. at 1495.

■ The determination of whether the neglect was excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. at 1498. These circumstances include "(1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." In addition, the Court held that clients are generally held accountable for the acts and omissions of their attorneys. *Id.* at 396–97, 113 S.Ct. at 1499.

Appellant's Ex Parte Application for Order to Set Contested Matter for Hearing was in the nature of a motion pursuant to Fed. R.Bankr.P. 9006. This rule provides for enlargement of the time in which to act under the bankruptcy rules, as follows:

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed.R.Bankr.R. 9006(b).

Appellant served her objection to Debtor's second motion on May 3, 1995, within 28 days of service of the second motion, served on or about April 4, 1995. Therefore, the objection was timely according to the notice which accompanied the motion. Because Appellant did not also serve a Notice of Hearing, the only way Appellant could obtain a hearing on her objection would be if she could show, by way of the Fed.R.Bankr.P. 9006 and Fed. R.Civ.P. 60(b)(1) motions, that it was not her burden to serve the notice or that her failure to do an act required of her was the result of excusable neglect.

### Local Rules were Ambiguous

■ The bankruptcy court has broad discretion to apply its local rules strictly or to overlook any transgressions. *Little v. Cox's Supermarkets,* 71 F.3d 637, 641 (7th Cir. 1995). The substance of the bankruptcy court's orders in these proceedings, and the lack of any findings and conclusions, suggests that the bankruptcy court may have ruled on

the merits of Debtor's motion based on Appellant's failure to follow the local rules.

Appellant filed a timely objection to Debtor's second motion, but did not request a hearing. Debtor filed an affidavit with the lodged order in which he informed the court that he had received the objection. Nevertheless, the form of order stated that "[n]o objections having been filed or a hearing having been, [sic] requested in response to the notice...."

█ Appellant believes she was penalized for failing to request a hearing on her objection pursuant to Debtor's Notice of Motion. Appellant contends that the local rules are ambiguous concerning whose responsibility it is to request a hearing in such a situation. We agree, and further suggest that it was Debtor's obligation, as the movant, to set a hearing in this contested matter.

Local Rule 1001–2 states that the local rules "supplement or, as permitted, modify the Bankruptcy Rules and shall be construed to be consistent with the Bankruptcy Rules and to promote the just, efficient and economical determination of every action and proceeding."

Fed.R.Bankr.P. 4003(d) does not have a corresponding local rule. It states that "[a] proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014." Fed. R.Bankr.P. 9014 governs contested matters. The Editor's Comment to Fed.R.Bankr.P. 9014, NORTON BANKRUPTCY LAW AND PRACTICE 2D, BANKRUPTCY RULES, 642 (1995), attempts to distinguish between those matters begun by motion which become contested upon an objection and those that are considered contested from the beginning:

> Perhaps the meaning of Rule 9014 is that certain types of litigation, e.g. stay litigation under Rule 4001(a), which are not treated as adversary proceedings, are considered contested matter proceedings from the beginning. Examples are:

> •    •    •    •    •

> (d) avoiding lien on exempt property (Rule 4003(d)).

The local rules blur this distinction. Local Rule 9013–1 provides that it shall be read in conjunction with Local Rule 9014. Local Rule 9013–2(b)(3) sets forth the content requirements for a motion to avoid a lien under § 522(f). Local Rule 9013–5(b) provides that "[o]bjections to a motion filed under Bankruptcy Local Rule 9013–2 commence a contested matter governed by Bankruptcy Local Rule 9014–5." At this point, confusion sets in because Local Rule 9013 and Local Rule 9014 provide divergent methods of noticing a hearing.

If a motion to avoid a lien is considered a Local Rule 9013 motion until an objection is filed, than Debtor was correct to send CSD 1182 which notified parties in interest that objections must be filed and a hearing date obtained and noticed within a certain time frame in relation to the Notice of Motion. On the other hand, if the motion to avoid a lien is considered a contested matter from the beginning, as set forth in the bankruptcy rules, then Local Rule 9014–3 would have applied in this situation. Local Rule 9014–3 provides:

> (a) HEARING DATE. Prior to giving notice of a hearing on a motion, the movant shall obtain a hearing date for the motion from the courtroom deputy....

> •    •    •    •    •

> (c) SERVICE. When notice to all creditors is not required by Bankruptcy Rule 2002, the motion together with accompanying papers shall be served on the debtor, United States Trustee, the trustee, and other parties in interest. The notice shall conform to Local Form CSD 5 [now CSD 1183], NOTICE OF MOTION AND HEARING, as set forth in Appendix C.

CSD 1183 notifies interested parties of a hearing date and time and that an opposition response must be filed no later than 14 days before the hearing date.

We conclude from the facts in this case that the procedure followed by Debtor was ambiguous. Appellant's counsel stated that he could not deduce the proper procedure by reading the local rules in conjunction with Debtor's Notice of Motion, therefore he did not act within the time directed by the

Notice of Motion. On the other hand, the evidence does not support Appellant's contention that Scoville intentionally misled her attorney.

Appellant filed her objection timely. Her inadvertence in not obtaining a hearing date was reasonable, did not cause undue delay to the proceedings, and did not prejudice Debtor. Appellant's good faith was evident by her timely objection and motion for reconsideration. Appellant's failure to obtain a hearing date was not her responsibility and/or was excusable neglect. Under these circumstances, the bankruptcy court abused its discretion by not holding a hearing on Appellant's objection to the underlying motion.

## CONCLUSION

Appellant's objection to Debtor's motion to avoid her equitable lien was timely. It was not her duty to notice a hearing on the objection, or alternatively, her failure to do so was due to excusable neglect. The bankruptcy court abused its discretion by denying Appellant's motions to vacate the May 31 and June 1, 1995 orders and to set the matter for hearing.

**REVERSED and REMANDED.**