FILED

NOT FOR PUBLICATION

DEC 24 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: GROTH BROTHERS OLDSMOBILE, INC., dba Groth Brothers Chevrolet,<br><br>Debtor.<br><br>GROTH BROTHERS OLDSMOBILE, INC., dba Groth Brothers Chevrolet,<br><br>Appellant,<br><br>v.<br><br>JOHN T. KENDALL; et al.,<br><br>Appellees. | No. 13-60111<br><br>BAP No. 12-1482<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Jury, and Pappas, Bankruptcy Judges, Presiding

Submitted December 9, 2015[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, WARDLAW, and MURGUIA, Circuit Judges.

Groth Brothers Oldsmobile, Inc. (Groth) appeals the Bankruptcy Appellate Panel's (BAP) decision affirming the bankruptcy court's denial of William L. Needler and William F. Ghiringhelli's motion for retroactive approval of employment as Groth's chapter 11 counsel. We have jurisdiction under 28 U.S.C. § 158(d). We review decisions of the BAP de novo. *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973 (9th Cir. 1995). We affirm.

1. The bankruptcy court did not abuse its discretion in declining to hear Needler's employment application until Ghiringhelli's application as local co-counsel had been approved or set for a hearing. Local rules of the Bankruptcy Court for the Northern District of California require out-of-district counsel for chapter 11 debtors to associate local co-counsel. *See* Bankr. N.D. Cal. R. 9010-1(a); N.D. Cal. Civ. R. 11-3(a). The bankruptcy court's decision to condition its consideration of Needler's employment application upon its consideration of local co-counsel's application was a reasonable application of these local rules. *See Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 157 (B.A.P. 9th Cir. 1996) ("The bankruptcy court has broad discretion to apply its local rules strictly or to overlook any transgressions.").

2. The bankruptcy court did not abuse its discretion in denying Needler's and Ghiringhelli's employment *nunc pro tunc* as Groth's chapter 11 counsel. Professionals seeking retroactive approval of employment by a chapter 11 debtor must "(1) satisfactorily explain their failure to receive prior judicial approval; and (2) demonstrate that their services benefitted the bankrupt estate in a significant manner." *In re Atkins*, 69 F.3d at 974. Needler and Ghiringhelli failed to satisfy these requirements. First, their failure to receive prior judicial approval of their employment resulted from their own failure to comply with the court's instructions for applying. Second, neither rendered services that significantly benefitted the Groth estate. Ghiringhelli's sole legal service was to sign Groth's chapter 11 petition. Needler played a more substantial role but performed deficiently. Specifically, Needler did not effectively assist Groth in complying with the requirements of chapter 11. Moreover, Needler's efforts to secure floor plan financing and to sell the Groth franchise were unsuccessful and did not provide any benefit to the Groth estate. The bankruptcy court properly determined that Needler and Ghiringhelli did not meet the requirements for employment *nunc pro tunc* as Groth's chapter 11 counsel.

3. The bankruptcy court did not abuse its discretion in denying compensation and reimbursement of expenses to Needler. "Failure to receive court

approval for the employment of a professional . . . precludes the payment of fees."

*DeRonde v. Shirley* (*In re Shirley*), 134 B.R. 940, 944 (B.A.P. 9th Cir. 1992).

Needler did not receive court approval for his employment. As a result, Needler is not entitled to compensation or reimbursement of expenses as Groth's chapter 11 counsel.

**AFFIRMED.**