NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: COEPTIS EQUITY FUND LLC,

Debtor,

------------------------------

COEPTIS EQUITY FUND LLC,

Appellant,

v.

JANINA HOSKINS,

Appellee.

No. 23-60002

BAP No. 22-1136

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Brand, and Spraker, Presiding

Submitted March 13, 2024[**]
San Francisco, California

Before: S. THOMAS, MCKEOWN, and CHRISTEN, Circuit Judges.

Chapter 11 debtor Coeptis Equity Fund LLC ("Coeptis") appeals the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bankruptcy Appellate Panel's decision to affirm the bankruptcy court's order converting this case from a Chapter 11 to a Chapter 7 bankruptcy (the "Conversion Order") and its subsequent denial of Coeptis's Federal Rule of Bankruptcy Procedure Rule 9024 motion for relief from the Conversion Order. We have jurisdiction under 28 U.S.C. § 158(d)(1). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We affirm.

We review for abuse of discretion a bankruptcy court's decision to convert a case to Chapter 7 and its denial of a Rule 9024 motion. *In re Consol. Pioneer Mortg. Entities*, 264 F.3d 803, 806 (9th Cir. 2001); *In re Gilman*, 887 F.3d 956, 963 (9th Cir. 2018).

The bankruptcy court did not abuse its discretion in converting this case from Chapter 11 to Chapter 7. Coeptis argues that it was not provided with sufficient notice of the hearing on the motion to convert and that it was not timely served with notice of the motion. Federal Rule of Bankruptcy Procedure 2002(a)(4) and Local Rules 2002-1(a) and 9014(1)(c)(2) of the United States Bankruptcy Court for the Northern District of California require 21 days' notice of a hearing on a motion to convert a Chapter 11 case.[1] The motion to convert this case was filed on April 15,

---

[1]     Coeptis argues that 28 days' notice was required pursuant to Local Rule 9014-1(c)(1). The bankruptcy court rejected this argument. To the extent that

2022, exactly 21 days before the hearing on May 6, 2022. Thus, notice was sufficient.

Coeptis argues that it was not served with the motion to convert until April 28, 2022, the day on which the Subchapter V trustee sent Stratton Barbee the motion to convert. However, when the trustee filed its motion on April 15, Marc Voisenat, not Mr. Barbee, was Coeptis's counsel of record. The Subchapter V trustee electronically served the motion on Mr. Voisenat on April 15, 2022, 21 days prior to the hearing on the motion. Pursuant to Local Rules 9013-1 and 9013-3(c), electronic service on Coeptis's counsel of record was sufficient.

Conversion to Chapter 7 is appropriate if there is cause to convert under 11 U.S.C. § 1112(b) unless "the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors, and the debtor or any other party in interest establishes [two required showings]."[2] 11 U.S.C. § 1112(b)(2); *see In re Baroni*, 36 F.4th 958, 965 (9th Cir. 2022). The Subchapter V trustee established cause to convert by citing, *inter alia*, Coeptis's failure to file a Chapter 11 Plan of Reorganization. Coeptis

---

there is ambiguity in the local requirements for notice, we defer to the bankruptcy court's interpretation and application of its own local rules. *See Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983); *see also In re Nunez*, 196 B.R. 150, 157–59 (9th Cir. BAP 1996).

[2] This rule is subject to certain exceptions not applicable to this case. 11 U.S.C. §§ 1112(a), (b)(1).

claims that conversion was not in the best interests of the creditors under 11 U.S.C. § 1112(b) because at the time of the motion, the estate was "on the cusp of having no more assets." At the hearing on the motion, the bankruptcy court found that all the assets in the estate had been or imminently would be liquidated, yet Coeptis had not filed a Chapter 11 Plan of Reorganization detailing how proceeds would be disbursed to the creditors. *See* 11 U.S.C. § 1189(a) (providing that only the debtor may file a Plan under Subchapter V). The bankruptcy court granted the motion to convert for that reason. Further, neither Coeptis nor any other party in interest has established a reasonable likelihood that a plan will be confirmed as required by § 1112(b)(2)(A). Given that a plan was never filed, there is not a reasonable likelihood that a plan will be confirmed. Thus, it was not an abuse of discretion for the bankruptcy court to determine that conversion was in the best interest of the creditors.

The bankruptcy court did not abuse its discretion in denying Coeptis's Rule 9024 motion. Coeptis invokes Federal Rule of Civil Procedure 60(b)(6), which is incorporated in Rule 9024. "Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal." *Title v. United States*, 263 F.2d 28, 31 (9th Cir. 1959). Rule 60(b)(6) is designed to provide relief only when "extraordinary circumstances [] prevented or rendered [the movant] unable to prosecute an appeal." *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729,

4

730 (9th Cir. 1971).

Coeptis has not argued that "extraordinary circumstances" prevented it from pursuing an appeal. Nor could it, as Coeptis was clearly able to appeal. Coeptis treats its Rule 9024 motion as an additional appeal by re-arguing the same notice and service defects that it raised in its initial opposition to the conversion motion and that it argues in its direct appeal. As Coeptis did not demonstrate any circumstance justifying reconsideration of the Conversion Order, the bankruptcy court properly denied Coeptis's Rule 9024 motion.

**AFFIRMED.**