
NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ANDY ATIYEH,<br><br>                      Debtor. | BAP No. CC-25-1065-LGN<br><br>Bk. No. 8:25-bk-10536-MH |
| ANDY ATIYEH,<br>               Appellant,<br>v.<br>AMERICAN BUSINESS BANK,<br>               Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Mark D. Houle, Bankruptcy Judge, Presiding

Before: LAFFERTY, GAN, and NIEMANN, Bankruptcy Judges.

## INTRODUCTION

Andy Atiyeh ("Debtor") appeals the bankruptcy court's orders denying his second request for an extension of time to file a chapter 13[1] plan and dismissing his bankruptcy case. Although Debtor did not

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Appellate Rule" references are to the Federal Rules of Appellate Procedure.

formally appeal the bankruptcy court's order granting a creditor *in rem* relief under § 362(d)(4), Debtor also argues the bankruptcy court's order granting such relief was improper. We discern no abuse of discretion in the bankruptcy court's entry of these orders.

We AFFIRM.

## FACTS[2]

On March 3, 2025, Debtor filed a chapter 13 petition. In his schedules, Debtor identified an interest in real property located in Orange County, California (the "Property") and valued the property at $1.1 million. Other than a secured claim in favor of "Newrez" in the amount of $285,417.31, Debtor did not schedule any liabilities.

Fourteen days later, on the original deadline to file a chapter 13 plan, Debtor moved for an extension of time to propose a plan (the "First Motion to Extend"). The court granted the First Motion to Extend and extended the deadline for Debtor to file a plan to March 31, 2025.

Subsequently, American Business Bank ("ABB") filed a motion for relief from the automatic stay (the "RFS Motion"). Through the RFS Motion, ABB sought relief from the automatic stay to enforce its state law rights against the Property, as well as *in rem* relief under § 362(d)(4) based on its assertion that Debtor's bankruptcy case was filed in bad faith.

---

[2] We have taken judicial notice of the bankruptcy court docket and various documents filed through the electronic docketing system. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

On March 31, 2025, the renewed deadline by which Debtor was obligated to file a chapter 13 plan, Debtor moved for a second extension of time. However, Debtor mistakenly refiled the First Motion to Extend instead of filing a new motion for extension of deadlines. On April 1, 2025, i.e., one day after the deadline to file a chapter 13 plan, Debtor filed the correct motion for an extension of the deadline to file a plan (the "Second Motion to Extend"). In the Second Motion to Extend, Debtor argued that he may receive decisions from other courts that may impact the estate, and that he should be afforded additional leniency as a *pro se* debtor.

ABB opposed the Second Motion to Extend, arguing, among other things, that Debtor had represented to a federal court that he lacked any income and thus could not fund a chapter 13 plan. ABB also asserted, as it did in its RFS Motion, that Debtor was using his bankruptcy case to frustrate ABB's efforts to enforce its rights in nonbankruptcy fora.

On April 4, 2025, the Court entered an order denying the Second Motion to Extend (the "Extension Denial Order"). In the Extension Denial Order, the bankruptcy court first concluded that Debtor had not demonstrated any "cause" for another extension; specifically, the court noted that it was unclear from the Second Motion to Extend why Debtor needed more time to file a plan.

The court also noted that the Second Motion to Extend had been filed one day after the deadline to file a plan, thus necessitating a showing of "excusable neglect" under Rule 9006. The court held that Debtor failed to

3

demonstrate "excusable neglect" for purposes of Rule 9006. Concurrently with entering the Extension Denial Order, the court entered an order dismissing Debtor's bankruptcy case for failure to file a chapter 13 plan (the "Dismissal Order").

Debtor timely appealed. Subsequently, the court held a hearing on the RFS Motion. Debtor did not appear at the hearing on the RFS Motion.[3] On April 18, 2025, the court entered an order granting in part and denying in part the RFS Motion (the "RFS Order"). Specifically, the court denied ABB's request for relief from the automatic stay as moot in light of the dismissal of Debtor's case; however, the court granted ABB's request for *in rem* relief under § 362(d)(4).[4]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

---

[3] Prior to the hearing on the RFS Motion, Debtor filed an "Emergency Motion to Reinstate the Automatic Stay Pending Appeal." Although the body of this motion requests a stay of the Dismissal Order, Debtor attached as an exhibit to this "emergency motion" his opposition to the RFS Motion. On appeal, Debtor asserts that the bankruptcy court should have considered this opposition. Even if the Panel construes the attachment to Debtor's emergency motion as an opposition to the RFS Motion, the arguments made in the "opposition" to the RFS Motion do not impact the Panel's decision herein.

[4] As further discussed below, Debtor did not formally appeal the RFS Order. Instead, Debtor referenced the RFS Order as one of the orders he is appealing in his informal brief filed before the Panel.

## ISSUES

1. Did the bankruptcy court abuse its discretion by dismissing Debtor's bankruptcy case?

2. Did the bankruptcy court abuse its discretion by denying the Second Motion to Extend?

3. Did the bankruptcy court abuse its discretion by granting ABB *in rem* relief?

## STANDARDS OF REVIEW

We review the bankruptcy court's chapter 13 case dismissal for an abuse of discretion. *Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 338 (9th Cir. BAP 2015). The bankruptcy court's denial of a request for an extension of time is reviewed for an abuse of discretion. *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 155 (9th Cir. BAP 1996). An order granting *in rem* relief under § 362(d)(4) also is reviewed for an abuse of discretion. *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014).

A bankruptcy court abuses its discretion if it applies the wrong law or its factual findings are illogical, implausible, or without support in the record. *In re Schlegel*, 526 B.R. at 338 (citing *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011)).

## DISCUSSION

On appeal, Debtor's primary arguments with respect to the Dismissal Order and the Extension Denial Order appear to be that ABB lacked standing to oppose the Second Motion to Extend and that the bankruptcy

court should not have relied on ABB's arguments to dismiss Debtor's bankruptcy case. As we discuss in Sections A and B, Debtor's arguments are unpersuasive.

Debtor did not formally appeal the RFS Order. Nevertheless, even if we construe Debtor's informal brief as a notice of appeal of the RFS Order, Debtor has not articulated any error by the bankruptcy court warranting reversal of the RFS Order.

**A. The bankruptcy court did not abuse its discretion by dismissing Debtor's bankruptcy case.**

Section 1307(c) allows courts to dismiss a bankruptcy case "for cause." *In re Schlegel*, 526 B.R. at 339. Section 1307(c)(3), in turn, explicitly states that "failure to file a plan timely under section 1321 of this title" constitutes cause for dismissal.

Debtor does not provide much argument with respect to dismissal of his case, instead focusing the bulk of his arguments on the propriety of the RFS Order. As concerns the Dismissal Order specifically, it appears Debtor's primary argument is that the bankruptcy court improperly relied on ABB's filings to dismiss his case.

Notwithstanding Debtor's assertion, the Dismissal Order was expressly based on Debtor's failure to timely file required documents, i.e., a chapter 13 plan. Pursuant to § 1307(c)(3), that failure alone satisfied the "cause" requirement to dismiss a chapter 13 case. Debtor does not dispute

that he failed to timely file a plan, nor does Debtor contend that the bankruptcy court applied an incorrect legal standard in dismissing his case.

Although Debtor clearly disagrees with the court's dismissal of his case, the relevant inquiry on appeal is whether the court's decision was illogical, implausible, or without support in the record. *In re Schlegel*, 526 B.R. at 338. The bankruptcy court's adherence to the plain language of the Code was not illogical, implausible, or without support in the record, and therefore was not an abuse of discretion.

**B.** **The bankruptcy court did not abuse its discretion by denying the Second Motion to Extend.**

Pursuant to Rule 9006(b)(1), a bankruptcy court **may**, in its discretion, extend the time for a party to act. However, "[e]xtensions of time . . . are not handed out as a matter of course, but only upon a showing of cause." *Tillman v. Danielson (In re Tillman)*, BAP Nos. CC-07-1432, RS-07-14933-MJ, 2008 WL 8462961, at *4 (9th Cir. BAP July 17, 2008). In addition, a bankruptcy court enjoys "great deference" in controlling its own calendar. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001).

This Panel has previously applied a four-factor test to review a denial of a request for enlargement of time under Rule 9006(b). *See, e.g., Ray v. Deutsche Bank Nat'l Tr. Co. (In re Ray)*, BAP No. NV-15-1137-LDoKi, 2016 WL 6699315, at *4 (9th Cir. BAP Nov. 14, 2016), *aff'd*, 703 F. App'x 601 (9th Cir. 2017). Those four factors are: (1) the extent of the movant's diligence to prepare by the original deadline; (2) the likelihood that the need for an

7

extension could have been met if the continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and (4) the extent to which the movant might have suffered harm as a result of the bankruptcy court's denial. *Id.*

These factors support the bankruptcy court's decision to deny the Second Motion to Extend. First, Debtor's Second Motion to Extend was devoid of any suggestion that Debtor expended effort in preparing a plan prior to the deadline.

Second, there is no indication in the record that Debtor would have filed a plan by any further extended deadline. In the Second Motion to Extend, Debtor speculated that he might receive favorable decisions from other courts in which he was litigating that might impact the claims against the estate. However, Debtor's belief that certain lawsuits would soon conclude in his favor was entirely speculative. Nothing in the record indicates that these other lawsuits would have concluded prior to a second extension of time.

Third, a second extension would cause further delay to Debtor's creditors. Fourth, it is unclear how much harm Debtor suffered from the denial of an extension when the court granted ABB *in rem* relief anyway shortly after dismissal of Debtor's case. Thus, the factors support the

bankruptcy court's decision to deny Debtor's request for a second extension of time.

Finally, Debtor asserts that the court should have afforded him a level of leniency as a *pro se* party. Although courts generally treat *pro se* litigants with some leniency, such leniency does not immunize debtors from the consequences of neglecting the numerous duties expected of a chapter 13 debtor. *Reynard v. Karass (In re Saito Bros Inc.)*, 560 B.R. 540, 545 (Bankr. D. Idaho 2016) (although courts make "reasonable allowances" for *pro se* litigants, "it is still the *pro se* litigant's burden to establish a proper legal basis for any relief sought or defense raised, and to follow the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules"). In other words, the basic compromise in bankruptcy is that debtors receive the benefits of the system only if they comply with the requirements.

Here, the bankruptcy court offered Debtor a level of leniency by granting him an extension of the deadline to file his plan. Beyond that, the bankruptcy court's conclusion that Debtor's status as a *pro se* litigant did not qualify as "cause" was not error.[5]

---

[5] The bankruptcy court also analyzed the Second Motion to Extend under the stricter standard for showing "excusable neglect," applicable to requests for extension of time made after expiration of a deadline. Because we affirm the bankruptcy court's denial under the more lenient standard of "cause," we need not address the court's alternative holding regarding "excusable neglect."

Based on the foregoing, Debtor has not identified an error by the bankruptcy court with respect to the Extension Denial Order.

## C. Debtor has not articulated any error by the bankruptcy court in entering the RFS Order.

As a preliminary matter, Debtor did not properly appeal the RFS Order. Pursuant to Rule 8003(a)(3), a notice of appeal must "be accompanied by the judgment – or the appealable order or decree – from which the appeal is taken." Debtor's Notice of Appeal referenced only two orders: the Dismissal Order and the Extension Denial Order.[6]

Prior to the enactment of current Rule 8003, former Rule 8001(a), which governed notices of appeal, did not require appellants to list specific judgments or orders in the notice of appeal. *See Mahakian v. William Maxwell Invs., LLC (In re Mahakian)*, 529 B.R. 268, 274 (9th Cir. BAP 2015). Thus, in *Mahakian*, the Panel afforded the appellant a level of leniency by liberally interpreting the appellant's opening brief as a notice of appeal of certain extraneous issues. *Id.* at 274-75.

There is not much case law regarding the ability of appellate courts to liberally construe filings as informal notices of appeal after enactment of

---

[6] Nor could Debtor have appealed the RFS Order with these orders: the hearing on the RFS Motion and entry of the RFS Order did not occur until approximately two weeks after Debtor initiated this appeal.

current Rule 8003(a)(3), which does require specificity regarding the orders and/or judgments being appealed.

However, under *Smith v. Barry*, 502 U.S. 244 (1992), which analyzed Appellate Rule 3, the Panel may liberally construe Debtor's informal brief as a notice of appeal of the RFS Order. In *Smith*, the *pro se* appellant filed a defective notice of appeal, but submitted an informal brief within the deadline for filing an appeal that identified the issues being appealed. *Id.* at 246-47. The Supreme Court held that a document that is filed within the time specified by Appellate Rule 4 and provides the notice required by Appellate Rule 3 "is effective as a notice of appeal." *Id.* at 248-49.

Here, Debtor's informal brief identifying the RFS Order as an order being appealed was filed on April 24, 2025. Under Rule 8002(a)(1), this Panel's counterpart to Appellate Rule 4, "a notice of appeal must be filed . . . within 14 days after the judgment, order, or decree to be appealed is entered." The RFS Order was entered on April 18, 2025. Because the informal brief was filed within the deadline to appeal and listed the RFS Order as an order being appealed, the Panel may liberally construe the informal brief as a notice of appeal.

Nevertheless, even if the Panel considers Debtor's appeal of the RFS Order, Debtor has not identified an error by the bankruptcy court.

First, Debtor argues that the bankruptcy court lacked jurisdiction to enter the RFS Order because this appeal divested the court of jurisdiction. However, an appeal only divests a bankruptcy court of jurisdiction over

the issues raised on appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the [trial] court of its control **over those aspects of the case involved in the appeal**.") (emphasis added).

At the time Debtor initiated this appeal, the scope of this appeal was limited to the Dismissal Order and the Extension Denial Order. Debtor did not appeal the RFS Order until he filed his informal brief, i.e., after entry of the RFS Order. Thus, the bankruptcy court was not divested of jurisdiction with respect to the issues raised in the RFS Motion until after the court entered the RFS Order.

Second, Debtor argues that ABB lacked standing to file the RFS Motion because it was not a creditor of the estate. However, Debtor's only support for this notion is that Debtor himself did not list ABB as a creditor. Debtor's omission of a party from his list of creditors does not deprive that party from the ability to assert a claim against the estate. *See* 11 U.S.C. § 101(5) and (10) (definitions of claim and creditor). In addition, Debtor's arguments regarding the propriety of ABB's claim relate to whether ABB

should have had an **allowed** claim against the estate, and not to ABB's standing to assert arguments as a claimant at all.

Debtor does not otherwise articulate why any findings by the court were "illogical, implausible, or without support in the record" nor identify any application of incorrect law by the court. *In re Schlegel*, 526 B.R. at 338.[7]

---

[7] On September 10, 2025, ABB filed a request to submit a late-filed brief, which the Panel granted in an order dated September 11, 2025 (the "Briefing Order"). In its brief, ABB notified the Panel that the Property was sold via a nonjudicial foreclosure and attached a Trustee's Deed Upon Sale. ABB also stated that Debtor was deemed a vexatious litigant in California state court. On September 20, 2025, Debtor filed a response to ABB's brief.

After oral arguments, Debtor filed a motion to strike the Trustee's Deed Upon Sale and the California state court's ruling deeming Debtor a vexatious litigant. We DENY Debtor's motion to strike. The Panel already allowed ABB to file its brief, including any attachments, in the Briefing Order. Debtor has not provided any basis to reconsider the Briefing Order.

In any event, neither the Trustee's Deed Upon Sale nor Debtor's status as a vexatious litigant in state court impacted the Panel's disposition herein. With respect to any sale of the Property, if an order provides *in rem* relief, as it did here, a sale of the subject property does not necessarily moot an appeal. If the debtor remains in possession of the property, the debtor "may possess an interest in the [p]roperty that could, in the absence of § 362(d)(4) relief, be protected by the automatic stay." *Benzeen Inc. v. JP Morgan Chase Bank (In re Benzeen Inc.)*, BAP No. CC-18-1097-TaLS, 2018 WL 6627275, at *4 (9th Cir. BAP Dec. 18, 2018) (citing *Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1128–30 (9th Cir. 2016) (holding that, in California, it is not the foreclosure but the entry of unlawful detainer judgment and writ of possession that completely divests a debtor of all legal and possessory rights)). In such cases, the appeal would not be moot as to the *in rem* relief. *Id.*

Here, the record is silent with respect to the entry of an unlawful detainer judgment or a writ of possession, and neither party contends that there exists an unlawful detainer judgment or writ of possession against Debtor. Thus, ABB's submission of the Trustee's Deed Upon Sale did not render this appeal moot.

Finally, the Panel did not rely on any state court ruling regarding Debtor's status as a vexatious litigant for any portion of this disposition.

## CONCLUSION

For the foregoing reasons, we AFFIRM.